# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID HUNTER CRESON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Leave to File Sealed Materials [Doc. 677].

The Defendant, through counsel, moves the Court for leave to file unspecified portions of a Sentencing Memorandum [Doc. 676] and Character Letters [Docs. 676-1, 676-2, 676-3], under seal in this case. For grounds, counsel states that certain sections of the memorandum contain confidential information, including personal information relating to the Defendant. [Doc. 677]. Counsel also states that the character letters contain some medical and confidential information, as well as personal identifying information. [Id.]. Counsel, however, fails to identify the particular portions of the memorandum or character letters that warrant protection.

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted memorandum with only those portions that are allowed to be sealed having been redacted. <u>United States v. Harris</u>, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant provides grounds for why *portions* of the memorandum and character letters may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. <u>See</u> <u>Harris</u>, 890 F.3d at 491-92. Further, the Defendant's Motion fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access. Generally, the more central a piece of information is to the relief a defendant

2

seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motion fails to provide a sufficient basis to support a decision to seal portions of the Sentencing Memorandum and Character Letters, and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Defendant's Motion. The Court, however, will allow the memorandum and character letters to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the memorandum and character letters sought to be sealed and provides sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Leave to File Sealed Materials [Doc. 677] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file a Motion to Seal that identifies with specificity the portions of the memorandum to be sealed and provides sufficient basis for the sealing thereof within seven (7) days. The Sentencing Memorandum [Doc. 676] and Letters [Docs. 676-1, 676-2, 676-3] shall remain temporarily under seal until further Order of this Court.

Signed: September 9, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge