# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| (7) DAVID HUNTER CRESON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Amended Motion for Leave to File Sealed Materials [Doc. 693].

The Defendant, through counsel, moves the Court for leave to file certain portions of a Sentencing Memorandum [Doc. 676] and Character Letters [Docs. 676-1, 676-2, 676-3], under seal in this case. For grounds, counsel states that the identified portions of the memorandum contain personal and confidential information, including information that would risk the Defendant's personal safety and wellbeing if not sealed. [Doc. 693]. Counsel also states that certain portions of the character letters contain some medical and confidential information, as well as personal identifying information. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on September 11, 2022, and it has been accessible to the public through the Court's electronic case filing system since that time. [Doc. 693].

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a defendant's filings in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the

factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

Here, the Defendant has demonstrated that the identified portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See Harris, 890 F.3d at 492. However, the Defendant fails to provide sufficient grounds for sealing of the Defendant's Character Letters [Doc. 676-1, 676-2, 676-3]. The Defendant's character letters contain supportive evaluations from the Defendant's substance abuse counselors and do not contain any readily identifiable information that warrants protection. Further, the Defendant's presentation of his counselors' supportive evaluations and future trajectory are central to the Defendant's argument for leniency. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant.

Accordingly, the Defendant's amended Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Defendant's unredacted Sentencing Memorandum [Doc. 676] under seal. However, the Defendant's motion is denied to the extent that the Defendant's Character Letters [Docs. 676-1, 676-2, 676-3] shall be unsealed and the Defendant

3

shall also file a publicly accessible version of the Sentencing Memorandum redacting only those portions identified in the amended Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion for Leave to File Sealed Materials [Doc. 693] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's Motion to Seal is **GRANTED** to the extent that the Defendant's Sentencing Memorandum [Doc. 676] shall be filed under seal until further Order of the Court. The Motion to Seal is **DENIED** to the extent that the Defendant's Character Letters [Docs. 676-1, 676-2, 676-3] shall be unsealed and the Defendant shall file a redacted version of the Sentencing Memorandum on the public docket within fourteen (14) days.

**IT IS SO ORDERED.**

Signed: October 4, 2022

Martin Reidinger
Chief United States District Judge