THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-7

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DAVID HUNTER CRESON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Amendment 821 Motion [Doc. 864].

The Defendant, through counsel, moves the Court for leave to file under permanent seal his Motion for Reduced Sentence under Amendment 821, filed previously as Doc. 863. [Doc. 864]. For grounds, counsel states that the motion includes sensitive case-specific information that is inappropriate for public access. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted pleading with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why *portions* of the 821 Motion may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed.[1] See Harris, 890 F.3d at 491-92. Further, the Defendant's Motion to Seal fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment

---

[1] The Defendant contends that a less drastic alternative, such as filing a partially redacted motion, "would not be sufficient because such a motion would be too heavily redacted to be meaningful to a public reader or, if less heavily redacted, would risk making the content of the sensitive material apparent to a public reader." [Doc. 864 at 2]. The Court notes, however, that the Defendant's counsel was ordered to file a redacted memorandum in a related case, United States v. Trull, 1:21cr00070-MR-WCM-22, and was able to do so in a manner which still could be read by a public reader with ease but which also does not make the content of the sensitive material apparent to the public.

2

Case 1:21-cr-00070-MR-WCM   Document 866   Filed 02/26/24   Page 2 of 4

or common law right to public access. Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motion to Seal fails to provide a sufficient basis to support a decision to seal the 821 Motion, and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Defendant's Motion to Seal. The Court, however, will allow the 821 Motion to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the 821 Motion sought to be sealed and provides sufficient basis for the sealing thereof, as well as a publicly accessible version of the 821 Motion that redacts only those portions sought to be sealed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Amendment 821 Motion [Doc. 864] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file a Motion to Seal that identifies with specificity the portions of the 821 Motion [Doc. 863] to be sealed and provides sufficient basis for the sealing thereof, as well as a publicly accessible version of the 821 Motion that redacts only those portions sought to be sealed, within seven

(7) days.  The 821 Motion [Doc. 863] shall remain temporarily under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: February 26, 2024

Martin Reidinger
Chief United States District Judge