THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> DAVID HUNTER CRESON, ) </br> ) </br> Defendant. ) </br> _____ ) | **REDACTED ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 863 (sealed); Doc. 869 (redacted)].[1]

I. **BACKGROUND**

In 2020, the Defendant David Hunter Creson participated in a drug-trafficking organization that distributed methamphetamine in Haywood, Jackson, and Buncombe Counties in North Carolina. [Doc. 596: PSR at ¶¶ 46-58]. The Defendant's home "was a known hub of drug activity in Jackson County and visited by Haywood County drug traffickers." [Id. at ¶ 47]. One of the Defendant's customers reported seeing "at least a couple of ounces

---

[1] See pages 5-7 infra for a discussion regarding the status of this motion.

of meth" at the Defendant's home. [Id. at ¶ 49]. Another source reported that they had recently seen $15,000 in cash in the Defendant's home. [Id. at ¶ 50]. In April of 2020, police seized more than 847 grams of actual methamphetamine from the Defendant's car. [Id. at ¶ 55]. The Defendant later admitted buying large quantities of methamphetamine from two different suppliers. [Id. at ¶¶ 56-57]. In addition to the 847 grams of actual methamphetamine, at least 1,981 grams of methamphetamine mixture were found to be reasonably foreseeable to the Defendant. [Id. at ¶ 59].

A federal grand jury indicted the Defendant and 22 other individuals, charging them with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. [Doc. 3]. The grand jury alleged that at least 50 grams of actual methamphetamine were reasonably foreseeable to the Defendant. [Id. at 2-3]. The grand jury also charged the Defendant with possessing with intent to distribute at least 50 grams of actual methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [Id. at 13]. The Defendant entered into a written plea agreement with the Government and pled guilty to the conspiracy offense; in exchange, the possession charge was dismissed. [Docs. 434, 450].

In advance of sentencing, this Court's probation office submitted a Presentence Report, which calculated a total offense level of 31. [Doc. 596: PSR at ¶ 78]. The Defendant's prior criminal history resulted in an assessment of zero criminal history points, resulting in a criminal history category of I. [Id. at ¶ 83]. Based on a total offense level of 31 and a criminal history category of I, the probation office concluded that the advisory guideline range was 108 to 135 months' imprisonment. [Id. at ¶ 121]. The Defendant faced a statutory mandatory minimum sentence of 10 years' imprisonment, [id. at ¶ 120], but that did not apply due to the statutory safety valve of 18 U.S.C. § 3553(f).

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████ The Court also varied downward in recognition of the Defendant's presentence rehabilitation, and therefore sentenced the Defendant to 70 months in prison. [Doc. 702 at 2; Doc. 703 at 2-3].

3

The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 863 (sealed); Doc. 869 (redacted)]. The Government consents to the Defendant's Motion. [Doc. 877 (sealed); Doc. 876 (redacted)].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment

4

been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

This case presents a very troubling issue. Upon Amendment 821 going into effect the Court entered a Standing Order regarding the appointment of counsel for prisoners identified by the United States Sentencing Commission as potentially eligible for relief thereunder. In re: Retroactive Application of U.S.S.G. Amendment 821 Eff. Nov. 1, 2023, No. 1:23-mc-00020-MR (W.D.N.C. Nov. 1, 2023). As the screening for conflicts for the Federal Defender's Office (FDO) had already been undertaken in the course of the original prosecution, with the assignment of CJA panel attorneys to some defendants and the representation by the FDO of others, the Court directed that the FDO was assigned to represent only those prisoners in 821 motions who were represented by FDO attorneys at sentencing. See id. at ¶ 2. For those prisoners previously represented by CJA panel attorneys, the Standing Order directed the FDO to direct such

5

cases to the defendant's prior attorney, or to another CJA panel attorney if the prior attorney was unavailable.  See id. at ¶ 3.  As such, the FDO has never been appointed to represent any prisoner in an 821 matter where that prisoner was not previously represented by an FDO attorney at sentencing.

The Court has now identified 24 cases, including this one, in which an FDO attorney has filed an 821 motion for which he was not appointed.  This includes now representing prisoners who were co-defendants in a single indictment, including this case.  Even more troubling is the fact that, by taking on this representation, the FDO attorney provided himself access to sealed material, including Presentence Reports and § 5K1.1 motions, to which such counsel otherwise would have had no basis to access.

At first blush, it would appear that the simple solution to this problem would be to strike the improper pleading.  In the case of a prisoner who is entitled to relief, however, such action would punish the prisoner for the misdeeds of the attorney.  As such, the Court in its discretion addresses herein the merits of whether the Defendant is entitled to relief on the grounds identified.

The FDO of this District is strongly admonished to abide by the Orders and directives of this Court.  Moreover, the FDO of this District is strongly admonished not to obtain or seek sealed materials in any case wherein the

FDO has not been appointed. This particularly pertains to seeking sealed materials related to co-defendants in the same indictments and even checking to see whether such "potential clients" cooperated against one another. The FDO of this District is encouraged to be much more attentive to the rules regarding conflicts of interest, the rules pertaining to sealed materials, and the reasons therefor.

The Court considers the merits of the Defendant's present situation as follows. At the time that the Defendant was sentenced, a defendant with zero criminal history points was treated the same as a defendant with one criminal history point for the purpose of calculating the criminal history category. Part B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023).[2] The Sentencing Commission has made Part

---

[2] Specifically, a defendant is not eligible for this reduction if (1) he or she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he or she used violence or credible threats of violence in connection with his or her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he or she personally caused substantial financial hardship; (6) he or she possessed, received, purchased, transported,

7

B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assessed no criminal history points, and none of the exceptions precluding eligibility for a sentencing reduction apply. With the revision to § 4C1.1 under Amendment 821, the Defendant would receive a decrease of two offense levels, reducing his total offense level to 29. A total offense level of 29, when combined with a criminal history category of I results in a revised advisory guidelines range of 87 to 108 months.

███████████████████████████████████████████████

---

transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he or she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he or she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he or she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he or she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

8

Case 1:21-cr-00070-MR-WCM   Document 890   Filed 05/15/24   Page 8 of 10

██████████████████████████████████████

████████████████████████

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

Here, the Defendant's post-sentencing conduct supports a reduced sentence. During his period of incarceration, the Defendant has not incurred any disciplinary infractions. [See Doc. 878 at 3]. He has participated in a number of educational programs and work assignments, including the residential drug treatment program. [Id.]. Additionally, while the Defendant's offense conduct was serious, it did not involve violence. In addition, it appears that the Defendant continued the progress that was shown by his pre-sentence rehabilitation. Thus, the basis for the Defendant's further one-level downward variance remains applicable (to a range of 57 to 71 months).

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's

motion for a reduced sentence.  In its discretion, the Court will reduce the Defendant's sentence to fifty-seven (57) months.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 863 (sealed); Doc. 869 (redacted)] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **FIFTY-SEVEN (57) MONTHS**.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: May 15, 2024

Martin Reidinger
Chief United States District Judge